UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEV YOURMAN,

Plaintiff,

-against-

EPSTEIN, BECKER, AND GREEN; SHIRA M. BLANK; JANE DOE (RECEPTIONIST),

Defendants.

26-CV-0820 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff brings this *pro se* action invoking the Court's federal question jurisdiction. He alleges that a law firm and its employees violated his rights by refusing to allow an unlicensed process server inside the firm's office to effect in-person service of process. Plaintiff brings claims under Rule 4(c)(2) of the Federal Rules of Civil Procedure, Title VII of the Civil Rights Act, the Establishment Clause of the First Amendment, and state law. By Order dated January 6, 2026, ECF No. 4, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action for failure to state a claim for relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff brings this action against law firm Epstein, Becker, and Green, LLP ("EBG"), one of its attorneys, Shira M. Blank, and an unidentified Jane Doe receptionist.[2]

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] Plaintiff has a pending action in this court arising from his removal from a hospital room designated for religious observance, *Yourman v. Columbia NY Presbyterian Hosp.*, No. 24-

On December 1, 2025, Plaintiff hired "an indigent person" to serve his legal documents; he states that this was "per [his] religion's doctrine." (ECF 1 at 5.) Plaintiff accompanied the process server to the 18th Floor in the building where EBG's offices are located. (*Id.*) Upon learning that the process server was unlicensed, attorney Blank allegedly yelled threateningly that the office "only accept[s] service of papers from licensed process servers." (*Id.*) The receptionist, also speaking in a "belligerent, threatening manner," stated that if she had known that the process server was not licensed, she "would never have let [him] up here" to the office. (*Id.* at 6.) The receptionist then "threw [Plaintiff and his process server] out the door." (*Id.*)

Plaintiff contends that this behavior is "canceling the state and federal statutes that allow anyone who is over 18 who has no interest in the case to serve papers. . . ." (*Id.*) Plaintiff seeks damages and an injunction to require defendants to accept service of process in their office from all process servers, not just licensed process servers.

**DISCUSSION**

**A. Claims Under Rule 4 of the Federal Rules of Civil Procedure**

Rule 4 of the Federal Rules of Civil Procedure describes the process for issuance of a summons and service of the summons and complaint. *See* Fed. R. Civ. P. 4. Plaintiff attempts to assert claims under Rule 4 in connection with his unsuccessful attempt to serve an attorney and law firm, in person, in its offices, by an unlicensed process server.

The Rules Enabling Act provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). Because the Federal

---

CV-6286 (JPC) (KHP). Shira M. Blank of EBG, who represents the defendants in that action, filed a motion to dismiss, which is pending.

Rules of Procedure are procedural only and cannot modify or create any substantive rights, courts have consistently held that an individual cannot bring a claim under the Federal Rules. *See*, *e.g.*, *Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) ("As procedural rules, the Federal Rules of Civil Procedure do not create a private right of action."); *Park v. Newman*, No. 24-CV-4770 (PKC) (CHK), 2026 WL 873090, at *5 (E.D.N.Y. Mar. 30, 2026) ("[V]iolations of "the [FRCP] do not create a private right of action.") (citation omitted); *George & Co. LLC v. Spin Master Corp.,* No. 19-CV-4391(RPK) (SJB), 2020 WL 3865098, at *8 (E.D.N.Y. July 7, 2020) ("The federal rules govern procedure only, and not the substantive rights of parties who invoke the federal jurisdiction.") (citation omitted).[3] Plaintiff's claims under Rule 4 of the Federal Rules of Civil Procedure are therefore dismissed for failure to state a claim on which relief can be granted.[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims Under Title VII, 42 U.S.C. § 2000e**

Plaintiff invokes Title VII of the Civil Rights Act, which governs the conduct of employers. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

[3] In a related action, filed by an individual who attempted to serve Plaintiff's documents, the Court dismissed the claims on the ground that Rule 4 did not create any substantive rights. *See Cohen v. Epstein, Becker, & Green*, No. 25-CV-10736 (LLS), 2026 WL 88446, at *2 (S.D.N.Y. Jan. 12, 2026) ("[T]he Federal Rules of Procedure cannot modify or create any substantive rights."). Plaintiff therefore likely was, or should have been, on notice that he could not bring any claim under the Federal Rules of Civil Procedure.

[4] For Plaintiff's benefit, the Court notes that only the initial summons and complaint must be served in the manner prescribed by Rule 4. Once a defendant has been served with the summons and complaint and has appeared, subsequent filings generally can be served on registered ECF filers automatically, by a notice of electronic filing from the court to a designated email. *See* Fed. R. Civ. P. 5(a)(1)(B). Moreover, Rule 4 authorizes a party to request a waiver of service of the summons and complaint by first class mail to defendants, by including a waiver of service form and other documents. *See* Fed. R. Civ. P. 4(d).

employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff's claims are unrelated to Defendants' employment of him or anyone else, and Title VII is therefore inapplicable to his claims. Plaintiff's allegations are also insufficient to suggest that his religion played any role in the events giving rise to his claims. Plaintiff's Title VII claims are therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Establishment Clause Claims**

The Establishment Clause forbids government policies "respecting an establishment of religion." U.S. Const., Amdt. 1. The "clearest command" of the Establishment Clause is that the government cannot favor or disfavor one religion over another. *Larson v. Valente*, 456 U.S. 228, 244 (1982). "When the government acts with the ostensible and predominant purpose" of disfavoring a particular religion, "it violates that central Establishment Clause value of official religious neutrality, there being no neutrality when the government's ostensible object is to take sides." *McCreary County v. American Civil Liberties Union of Ky.*, 545 U.S. 844, 860 (2005).

Here, Plaintiff sues private parties, not government actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Nothing in the complaint suggests that attorney Blank or the Jane Doe receptionist were acting under color of state law.

Plaintiff's claims against them, under Section 1983, for alleged violations of his First Amendment rights must therefore be dismissed.

Plaintiff also fails to state a First Amendment claim against EBG. A private entity's activity can constitute state action when: (1) the entity acts using the coercive power of the state or is controlled by the state; (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies; or (3) the entity is engaged in a public function delegated by the state. *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The allegations of the complaint do not include any facts suggesting that, in declining to allow Plaintiff and his unlicensed process server into its offices, Defendant EBG was engaged in state action. Plaintiff's Establishment Clause claims are therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Supplemental Jurisdiction of State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## E. Leave to Amend Is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's federal claims are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: July 29, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge